The Honorable B.G. Hendrix Speaker of the House of Representatives Capitol Building Little Rock, AR 72201
Dear Mr. Speaker:
This is in response to your request for an opinion concerning the number of votes necessary to assure passage of a bill that would increase the gallonage tax on spirituous liquors. You note that no specific bill has been introduced to date, but that if one is introduced, it will have to conform to the language of Item 53 of the Governor's "call" of the Third Extraordinary Special Session of 1989. That item provides as follows:
 To amend Section 3-7-104(1)(A) of the Arkansas Code of 1987 Annotated to increase the gallonage tax on spirituous liquors.
Your question, relative to the provision above, is whether the passage of any bill drafted to accomplish this item of the call would require a majority vote of the General Assembly, or whether a three-fourths vote would be required.
It is my opinion that the passage of such a bill would require a majority vote by both houses of the General Assembly, in accordance with Article 5, Section 37 of the Arkansas Constitution.
Initial consideration must, however, be given to Article 5, 38 of the Arkansas Constitution, as added by Amendment to the Constitution. This section provides as follows:
 None of the rates for property, excise, privilege or personal taxes, now levied shall be increased by the General Assembly except after the approval of the qualified electors voting thereon at an election, or in case of emergency, by the votes of three-fourths of the members elected to each House of the General Assembly.
This office has previously interpreted this provision as applying only to the increases of taxes which were in existence at the time of the adoption of Amendment 19, (November, 1934). See Opinion No. 89-062, (copy enclosed), and Caldarera v. McCarroll, 198 Ark. 584,129 S.W.2d 615 (1939) (Smith J. concurring). This interpretation is required by the section's reference to "taxes, now levied. . . ."
The gallonage tax on spirituous liquors, now codified at A.C.A.3-7-104(1)(A), was first enacted in 1935. See Act 109 of 1935. It was thus enacted after Amendment 19, and was not a tax "now levied" at the time of Amendment 19's adoption. Therefore, Art. 5,38 of the Arkansas Constitution does not operate so as to require a vote of the people or a three-fourths vote in the case of an "emergency".
This being the case, the general requirement found at Arkansas Constitution Art. 37, (as added by Amendment 19), which requires a majority vote of the members of each house of the General Assembly, is the applicable provision.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.